**Freddie RICHARDSON and Leona Walker Richardson**

v.

**AMERICAN OPTICAL CO., et al.**

**Civ. A. No. B–87–01035–CA.**

United States District Court, E.D. Texas, Beaumont Division.

Feb. 26, 1988.

Joseph C. Blanks, Reaud, Morgan & Quinn, Beaumont, Tex., for plaintiffs.

David Grove, Benckenstein, Norvell, Bernsen & Nathan, Beaumont, Tex., John T. Valentine, Boswell & Hallmark, Houston, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

This is a silicosis case brought by Mr. and Mrs. Freddie Richardson against approximately twenty-one defendants. In their original complaint, plaintiffs allege, "Defendants all ... do business in the State of Texas, but are citizens of other states ... The court has jurisdiction of this cause pursuant to 28 U.S.C. § 1332, the amount in controversy exceeding $10,000, and the parties being of diverse citizenship." (Plaintiffs' Original Complaint at 1). Defendant Siebe North, Incorporated, and Pulmosan Safety Equipment Corporation moved to dismiss the complaint on the ground that plaintiffs' complaint does not comply with the requirement of Rule 8(a)(1), FED.R.CIV.P., which requires the complaint to contain "a short and plain statement of the grounds on which the court's jurisdiction depends ..."

For the purpose of diversity jurisdiction, a corporation is deemed to be a citizen of both the state in which it is incorporated, and of the state where its principal place of business is located. *Joinder v. Diamond M. Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir.1982). In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business. When a plaintiff fails to state the place of incorporation, or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity. *Id.* at 1039.

The court finds nothing in the pleadings to indicate where Siebe North, Incorporated, Pulmosan Safety Equipment Corporation, or the other defendants are incorporated, or where they make their principal places of business. Therefore, the court concludes that the defendants' motion is sound and should be GRANTED.

It is hereby ORDERED, ADJUDGED and DECREED that defendants' motion to dismiss is GRANTED, and that the complaint be DISMISSED as to all defendants without prejudice.